Chen v. Holder

BIA
Vomacka, IJ
A089 203 930

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of September, two thousand twelve.

PRESENT:
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

YANG HONG CHEN, AKA LAN CHEN,
        *Petitioner,*

        v.                                    11-3607
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Mouren Wu, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yang Hong Chen, a native and citizen of the People's Republic of China, seeks review of an August 8, 2011, decision of the BIA affirming the October 28, 2009, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yang Hong Chen*, No. A089 203 930 (B.I.A. Aug. 8, 2011), *aff'g* No. A089 203 930 (Immig. Ct. N.Y. City Oct. 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Chen's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based his adverse credibility determination on Chen's omissions in her written application, including Chen's failure to mention in her application that: (1) the police came to her home after she was released from custody; and (2) she was arrested with her pastor, though her assertion at the hearing that he was sent to a labor camp would have provided objective proof of Chen's fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 166 n.3

3

(holding that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent").

The IJ also reasonably found that the certification from Chen's church in China was likely a forgery because such a small church, which Chen testified was composed of eleven individuals, would not likely provide its members with a formal certificate and have a seal. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Moreover, Chen did not offer letters from her parents corroborating the police visit to her house, who, though illiterate, could have used a transcriber, or letters from fellow church members in the United States more recent than a one-year-old letter corroborating her church attendance. Given the omissions and discrepancies between Chen's application and testimony, the IJ reasonably relied on the lack of corroboration to further bear on her credibility, and was not required, as Chen argues, to first identify the particular pieces of missing evidence. *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009). As the only evidence of a threat to Chen's life or freedom, or that she

4

was likely to be tortured, depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk